# Shane Brothers & Wilson Company, Defendant in Error, v. Tom Striglos, Plaintiff in Error.

## Gen. No. 7,175.

1. SALES—*strike clause as making order conditional.* A clause in a confirmation of a contract for the sale of flour making it "subject to delay on account of strikes" and other causes beyond control of the seller does not make the acceptance of the sale a conditional one or leave the original order unaccepted where the buyer treated his order as having been accepted and made no objection to such condition in the seller's acceptance.

2. SALES—*binding effect of printed portions of sales contract not read by buyer.* In an action for liquidated damages from the buyer under a written contract, portions of which were printed and the rest written, it is not error to refuse to permit the buyer to show the circumstances under which the contract was entered into on the theory that there was no meeting of the minds because he had not read the printed portions.

3. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*right to set off unliquidated against liquidated damages.* In an action against a buyer of flour for liquidated damages under the terms of the sales contract, the defendant cannot claim a set-off in the amount of unliquidated damages arising from the unfit and unsatisfactory condition of flour bought from plaintiff on other occasions.

4. INTEREST—*right to recover in action for liquidated damages for breach of sales contract.* Interest on the amount of liquidated damages arising from breach by the buyer of a sales contract is properly allowed where the damages were proven according to the terms of the contract.

Appeal by defendant from the Circuit Court of De Kalb county; the Hon. C. F. IRWIN, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. *Opinion filed March 16, 1923.*

A. G. KENNEDY, for plaintiff in error; C. D. ROGERS, of counsel.

FAISSLER & FULTON, for defendant in error.

MR. JUSTICE JETT delivered the opinion of the court. This is an action of assumpsit commenced by de-

fendant in error against the plaintiff in error in the circuit court of DeKalb county. The suit is based on a contract for the sale of flour by defendant in error to plaintiff in error. The jury were impaneled and the case tried at the February term, 1922, of said court. At the close of the evidence on the part of the defendant in error, the plaintiff in error moved the court to instruct the jury to return a verdict for him, which motion was overruled. At the close of all the evidence the defendant in error requested the court to instruct the jury to find the issue in favor of defendant in error, and to assess its damages at $2,495.03, which request was by the court allowed and the jury returned a verdict in accordance with the peremptory instruction given them by the court. The amount of damages assessed by the jury under the direction of the court included $168.12 interest. The court denied the motions for a new trial and in arrest of judgment, and rendered judgment for the said sum of $2,495.03, and from which judgment the plaintiff in error prosecuted this writ of error.

Defendant in error operates flour mills at Minneapolis, Minnesota. Plaintiff in error, Tom Striglos, is owner and operator of a bakery in the City and County of De Kalb, and had been for a number of years prior to April 27, 1920. For some years prior to that time he had been buying flour from defendant in error and usually under a written contract. On April 27, 1920, a salesman of defendant in error called upon plaintiff in error at his place of business and after conferring, plaintiff in error gave an order to purchase 310 barrels of King Midas flour. This order for flour was delivered by plaintiff in error to the salesman and agent of the defendant in error.

The order for flour recited among other things: "That Shane Brothers & Wilson Company, of Minneapolis, Minnesota, agrees to sell to Thomas Striglos, of DeKalb, Illinois, who agrees to purchase from the

seller, at Minneapolis, Minnesota, at the price or prices and in the quantity or quantities stated below, and on the terms and conditions and subject to the agreement stated below and on the back thereof, the following described goods.'' The order was for 310 barrels of King Midas flour to be shipped in cotton sacks of 98 pounds each, at $15.40 a barrel, to plaintiff in error at DeKalb within 60 days, the buyer to furnish descriptions for shipping, payment to be made on arrival, draft to be attached to the bill of lading and to be paid through the First National Bank of DeKalb.

The contract also provided for liquidated damages in case the seller refused to perform its part of the contract. It also provided that in case of a breach of the contract by the buyer liquidated damages shall be recoverable by the seller. And it contains a provision for determining the amount of damages. The contract states that upon the failure of the buyer to furnish shipping directions, such failure shall give the seller the right as to any of the goods remaining unshipped to treat the contract as rescinded. And time is the essence of the contract. There are other provisions of the contract but we regard those above referred to sufficient to point out for the purposes of this opinion.

A copy of the order was left with the plaintiff in error. The agent of defendant in error upon receipt of the order telegraphed to the defendant in error that he had received it and shortly thereafter mailed the signed order so received to the defendant in error. Upon receipt of the order on April 29, 1920, the following letter was written to Thomas Striglos, plaintiff in error, and is as follows:

"April 29, 1920.

"Mr. Thomas Striglos,
   De Kalb, Illinois.
Dear Sir:
   We wish to thank you very much for the 310 barrels

of King Midas, which you purchased thru our Mr. Yates on the 27th inst. and we attach hereto our regular Confirmation of Sale No. 4249 to cover.

We are in receipt of shipping instructions covering your booking of February 12th, for shipment between the 10th and 20th of May. This will be given our prompt attention.

Yours truly,

Shane Bros. & Wilson.''

With this letter was mailed to plaintiff in error a formally signed acceptance of the order and confirmation of sale in accordance with the signed contract received by the defendant in error. The confirmation of sale is principally in typewriting; some parts of it are printed. It set out among other things the number of barrels ordered, the price per barrel, the fact that they were to be shipped in cotton bags of 98 pounds each, the time of shipment and other material parts of the contract and order and is signed by the defendant in error. Then there appears on the confirmation of sale the following, ''Subject to delay on account of strikes, car shortages, railroad embargoes or other causes beyond control of Shane Bros. & Wilson Co.''

On receipt of the order defendant in error bought a sufficient quantity of wheat to fill the order at $3.15 per bushel. None of the flour ordered by plaintiff in error was ever shipped to or received by him. After the acceptance the defendant in error made repeated requests of plaintiff in error to give it shipping directions, but the plaintiff in error failed to give such directions but requested that the shipping be delayed. The matter drifted along from time to time until December 7, 1920, when defendant in error wrote the plaintiff in error that unless the latter gave definite shipping directions in accordance with the terms of the contract on or before 5 o'clock p. m., December 24, 1920, the defendant in error would terminate the contract. Defendant in error received no reply to this letter and accordingly on January 7, 1921, it again

wrote plaintiff in error that the contract had been terminated on December 24, 1920, at 5 o'clock pursuant to the above-mentioned notice.

As the contract provided for the payment of liquidated damages, if plaintiff in error failed to comply with the terms thereof, this suit was instituted for the recovery of such damages.

A number of errors have been assigned and reasons suggested by plaintiff in error for reversal of this cause. Because of the fact that there appeared upon the confirmation of sale the following, "Subject to delay on account of strikes, car shortages, railroad embargoes or other causes beyond control of Shane Bros. & Wilson Co.," it is insisted by plaintiff in error that this made the acceptance a conditional one and therefore the original order according to its terms was not accepted. There is no merit in this contention because the plaintiff in error by his communications with defendant in error thereafter treated his order as having been accepted and made no objections whatever to said condition made in such acceptance.

It is urged by plaintiff in error that the court erred in not permitting him to show the circumstances under which the contract in question was entered into. It appears to have been the purpose of plaintiff in error to show that the contract contained printed matter which had not been called to his attention and that there was no meeting of the minds for that reason. It was an attempt on the part of plaintiff in error to apply the same rules to this contract as is applied to shipping contracts with common carriers where it is necessary that the specific provisions of the contract be called to the attention of the shipper. Such rule does not apply to cases of this kind and we hold that the plaintiff in error is bound by the terms of the contract in question and that the court properly refused the offered testimony. Prior to the entering into of the contract in question, the plaintiff in error had

purchased other flour from the defendant in error which he claims was unsatisfactory and unfit for baking purposes.

On the trial of this cause he attempted to set off the entire cost of such alleged unfit flour against the demand of the defendant in error. The court refused to let him do so, because whatever may have been his right to damages on account of such flour it was unliquidated and, being unliquidated damages, it could not be set off against the claim of defendant in error in this suit.

We are of the opinion that the defendant in error established its right to a recovery; that the plaintiff in error entered into the contract and fully understood the nature and character of the same at the time he signed the order. He had been in the business of buying flour for a number of years with which to carry on his bakery.

We are further of the opinion that the defendant in error has proved the damages which it has sustained on the basis as was provided for in and by the terms of the contract, and that it was proper to allow interest as was done by the court. We have examined all of the suggestions made by plaintiff in error and relied upon by him for a reversal of the judgment, and are satisfied that no reversible error was committed by the court.

We conclude, therefore, that under the law and the facts as are disclosed in this record, the action of the court in directing a verdict in favor of defendant in error was proper and the judgment is affirmed.

*Affirmed.*